## B. KENT v. NEW ORLEANS & TEXAS RY. CO.

RAILROADS.  *Injury to stock.   Negligence.   Question of fact.*

In a suit against a railroad company for the value of a mare killed by its running train where the evidence showed that the animal ran rapidly for 300 yards down the track in front of the engine, the night being clear and starlit and the track straight and in an open field, and the engineer testified that he was at his post, on the lookout, and failed to see the mare until within 20 or 30 yards of her, when it was impossible to stop, it was error to direct a verdict for the defendant.   Whether it was negligence for the engineer to fail to see the animal was a question for the jury.

FROM the circuit court of Sharkey county.

HON. GEORGE WINSTON, Judge.

The case is stated in the opinion.

*Frank Johnston*, for appellant.

The question of negligence should have been left to the jury. Even in the absence of the statute, the facts could raise a *prima facie* case.   No explanation is given by the engineer why he failed to see the animal until his train was upon it.   It cannot be affirmed as a matter of law that there was no negligence.   The case comes properly within the principle of *Bedford* v. *Ry. Co.*, 65 Miss. 387. The issue of fact, it may be conceded, is a narrow one, but it is in the case and should have been left to the jury.

*W. P. & J. B. Harris*, for the appellee.

There is nothing in the record to sustain the assertion by appellant that the engineer might have seen the animal at a greater distance and ought to have done so.   The engineer's undisputed testimony is that he was looking and did not see the mare until within 20 or 30 yards of her, when the train was running at full speed.

As the engineer was at his post trying to see, and did not see, the presumption is that he could not see, and the burden was on the plaintiff to show that he could have seen or did see.

WOODS, C. J., delivered the opinion of the court.

The issue of fact is, as conceded by appellant's counsel, a very

narrow one; but we are constrained to believe that it really exists. We cannot say, looking at the whole case on its undisputed facts, that there is nothing proving negligence, or tending to prove it.

The injury occurred on a clear star-lit night, on a straight track, and in open fields; the animal ran rapidly for three hundred yards down the track in front of the locomotive; the engineer testifies that he was at his post, and on the look-out, but that he only saw the animal when within twenty or thirty yards of her, and that it was impossible then to stop the train in time to prevent the accident.

Whether there was negligence in the engineer's failing to see the animal for 270 or 280 yards, under the circumstances, was a question proper to be submitted to a jury; for, admitting the engineer did not see the animal, the question remains, could he and ought he to have done so?

*Reversed.*